UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAXINE WILSON,

                              Plaintiff(s),              **ORDER**
                                                              CV 01-4568 (DRH) (WDW)

        -against-

ISAAC TOUSSIE, et al.,

                              Defendant(s).
-------------------------------------------------------------X

**WALL, Magistrate Judge:**

      Before the court is a motion by the Toussie Defendants[1] to compel the production of documents by various third party individuals, including William Armentano, Ray A. Charles, and David Green. Messrs. Armentano and Green are attorneys who represented the plaintiffs in real estate transactions at issue in this lawsuit. Mr. Charles is allegedly "a neighbor of and advocate for the Plaintiffs whose name repeatedly has appeared in the discovery obtained to date." *See* Defs.' Mem. in Supp. at 1. The motion originally sought an order regarding another attorney named Alan Zigman, but that prong of the motion was withdrawn, because the plaintiff could not locate Mr. Zigman for service of the motion. *See* Supplemental Yaffee Aff. in Supp. of Motion to Compel Third Party Disclosure. Opposition has been filed only by Mr. Armentano. No opposition has been filed by Mr. Green or Mr. Charles or the plaintiffs or other defendants. For the reasons set forth herein, the motion is denied as to Armentano and granted as unopposed as to

---

[1] The movants define the Toussie Defendants as Defendants Isaac Toussie, Robert Toussie, Toussie Family Homes, David Park Estates, Inc., Easy Home Program Corporation, East Coast Land Developers Corp., Flend Corp., Fobert Corp., Housing Corp. of America, Marconi Realty Ltd., Rod Staten Corp., Toussie Family Enterprises, Ltd., Toussie Group Ltd., Your Long Island Home Corp., and Your Staten Island Home Corp. *See* Defs.' Mem. in Supp. at 1, n.1.

Green and Charles.

In his Affidavit in Opposition, Mr. Armentano states that he does not have most of the documents sought in the subpoena, and that any documents in the "skeletal file" he would maintain would be protected from disclosure by attorney client privilege. Moreover, he observes, the documents sought would ordinarily be in the possession of the plaintiffs themselves, who could get copies of them from him if they have lost their copies. The court agrees. Although it is doubtful that many of the documents in a loan closing file would be privileged, inasmuch as they are disseminated to third parties, it is true that the plaintiffs themselves would have or could get copies of the documents, either from their former real estate attorney or from the bank, and the burden of producing those documents should be, in the first instance, on them. Thus, the court denies the motion as to Mr. Armentano and directs the plaintiffs whom Mr. Armentano previously represented to produce the documents. If they do not have the documents in their possession, they should make efforts to get copies of them.

As to Mr. Green and Mr. Charles, the court grants the motion as unopposed. A non-party cannot simply ignore a validly served subpoena, a fact that the two non-parties, who are themselves attorneys, could be expected to know. They have waived any objections that they might otherwise have raised.[2] Thus, Mr. Green and Mr. Charles are directed to produce the documents sought in the subpoenas within two weeks of service of this order. The movants are directed to serve a copy of this order on the non-parties, and upon any parties who do not get electronic notification, and to file proof of such service with the court. Hard copies of this order will not be sent, inasmuch as the movants are registered for ECF. The court urges any parties

---

[2]The court notes that Mr. Armentano's opposition to the motion does not automatically excuse his failure to timely object to, or move to quash, the subpoena itself. Nonetheless, the court has opted not to impose a finding of waiver on him in light of his belated opposition.

who are not electronically registered to register for ECF as a convenience to the court, although this action, filed in 2001, is not a court-mandated ECF matter.

Dated: Central Islip, New York  
       May 31, 2005

**SO ORDERED:**

s/William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge